**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jan 29 2014, 9:58 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERNE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LYNDA A. HARRIS-MARTINEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1304-CR-123 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1207-FD-1061

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Lynda Harris-Martinez ("Harris-Martinez") appeals her sentence for Class B felony failure to stop after an accident resulting in injury or death[1] following her guilty plea to four Counts of Class A misdemeanor failure to stop after an accident resulting in injury or death,[2] one Count of Class B felony failure to stop after an accident resulting in injury or death,[3] and one Count of Class D felony operating a vehicle while intoxicated causing serious bodily injury.[4]

We affirm.

## ISSUE

Whether the trial court abused its discretion in sentencing Harris-Martinez.

## FACTS

In the early morning hours on July 15, 2012, Harris-Martinez was escorted out of a nightclub for being intoxicated and for fighting with the father of her children. One of the security guards at the nightclub attempted to take her keys away from her because it "became obvious to him that she was extremely intoxicated" and that she should not drive. (Tr. 13). He exchanged "some words" with her, but she refused to give him her keys and got into her vehicle and left the scene. (Tr. 13). Thereafter, Harris-Martinez drove through a red light and struck a taxi cab carrying three people. All three people in the taxi, as well as two passengers in Harris-Martinez's vehicle, suffered injuries. One

---

[1] Ind. Code § 9-26-1-1(1).

[2] I.C. § 9-26-1-1(1).

[3] I.C. § 9-26-1-1(1).

[4] I.C. § 9-30-5-4(a)(3).

passenger in the taxi, Sabrina Bushlack ("Bushlack"), suffered particularly serious injuries. Following the collision, Harris-Martinez fled the scene on foot before emergency personnel arrived and did not return.

Police officers from the Fort Wayne Police Department responded to the crash and located Harrison-Martinez's driver's license in her car. In addition, one of Harris-Martinez's passengers confirmed that Harris-Martinez had been driving at the time of the collision, and Harris-Martinez's other passenger informed police officers that Harris-Martinez had consumed vodka before continuing to drink at the nightclub.

On July 31, 2012, the State charged Harris-Martinez with Class D felony failure to stop after an accident resulting in serious bodily injury and four Counts of Class A misdemeanor failure to stop after an accident resulting in injury. Subsequently, on September 4, 2012, the State amended the charging information and added a charge of Class C felony criminal recklessness, and then on October 12, 2012, the State added additional charges of Class B felony failure to stop after an accident resulting in injury or death and Class D felony causing serious bodily injury when operating a motor vehicle while intoxicated.

On December 20, 2012, Harris-Martinez pled guilty, pursuant to a written plea agreement, to the four Counts of Class A misdemeanor failure to stop after an accident resulting in serious bodily injury, Class B felony failure to stop after an accident resulting in injury or death, and Class D felony causing serious bodily injury when operating while intoxicated. Under the terms of the plea agreement, the State agreed to dismiss the Class D felony failure to stop after accident resulting in injury or death and Class C felony

3

criminal recklessness charges. The agreement also capped the executed portion of Harris-Martinez's sentence at eight years.

On February 1, 2013, the trial court held a sentencing hearing at which Bushlack's father described the extent of Bushlack's injuries. He testified that as a result of the crash, Bushlack suffered serious brain injuries and had to be put into a medically-induced coma in order to recover. In total, she was hospitalized for around sixty days following the accident and accumulated medical bills of around a million and a half dollars. At the time of the hearing, she was still suffering from problems with her memory and required physical therapy. Bushlack's father also testified that due to the accident, he no longer believed Bushlack would be capable of fulfilling her plans to become a veterinarian.

Also at the sentencing hearing, Harris-Martinez testified to her remorse and her acceptance of responsibility. She offered those factors as mitigating circumstances, as well as the hardship that a prolonged period of incarceration would have on her minor children. At the conclusion of the evidence, the trial court sentenced her to sixteen (16) years for her conviction of Class B felony failure to stop after an accident resulting in injury or death, with eight (8) years executed, eight (8) years suspended, and four (4) years of formal probation. The trial court also sentenced her to three (3) years for her Class D felony operating a vehicle while intoxicated causing serious bodily injury conviction and one (1) year for each of the four convictions of Class A misdemeanor failure to stop after accident resulting in injury or death, with all of the sentences to run concurrently.

The trial court found that Harris-Martinez's remorse and acceptance of responsibility were mitigating factors, although it rejected her argument concerning the hardship to her children because it determined that her actions prior to incarceration indicated that there was an equal risk they would suffer hardship if she were not incarcerated. The trial court also found as aggravating factors: (1) her criminal history, including prior alcohol-related offenses; (2) that she was on probation at the time of the offense; (3) her disdain for the legal system, as illustrated by a contempt of court citation in another cause; (4) the extent of injuries and damage suffered by the victims; and (5) the nature of the offense. Harris-Martinez now appeals her sentence for her conviction of Class B felony failure to stop after an accident resulting in injury or death, although she does not appeal her sentences for the remaining counts. Further facts will be provided below as necessary.

DECISION

Harris-Martinez claims that the trial court erred in two respects. First, she argues that the trial court abused its discretion in identifying her contempt of court citation as an aggravating factor because the contempt occurred in another cause and before another court. Second, she contends that her sentence is inappropriate in light of the nature of her offense and her character.

A. Aggravating Factors

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Under Indiana's advisory sentencing scheme, "once the trial court has entered a

5

sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" *Id.* at 491 (quoting I.C. § 35-38-1-7.1(d) (stating that a court may impose any sentence authorized by statute "regardless of the presence or absence of aggravating or mitigating circumstances.")). As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* at 490. We will find an abuse of discretion where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a variety of ways, including: (1) failure to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Here, Harris-Martinez argues that the trial court abused its discretion when it found that her prior contempt of court citation was an aggravating factor because the contempt occurred in another cause. We need not address this issue, as a single aggravator is sufficient to support an enhanced sentence. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). The trial court found four other aggravating factors in addition to Harris-Martinez's prior contempt: (1) Harris-Martinez's criminal history, including prior alcohol-related offenses; (2) that she was on probation at the time of the offense; (3) the extent of injuries and damage suffered by the victims; and (4) the nature

6

of the offense. Because Harris-Martinez does not dispute these factors and only one factor is required to support an enhanced sentence, we need not address Harris-Martinez's claim.

B. Inappropriate Sentence

Next, Harris-Martinez contends that the nature of her offense and her character warrant a reduction in her sentence. Pursuant to Appellate Rule 7(B), a reviewing court may revise a sentence if, after due consideration of the trial court's decision, it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006). Although this Court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because the Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In addition, the defendant bears the burden of persuading this Court that her sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

Harris-Martinez recognizes that the nature of her offense was serious, as was the harm that Bushlack suffered and continues to suffer, but she contends that her sentence was nevertheless inappropriate because she never intended to harm anyone. We cannot

7

agree. As the trial court noted, regardless of whether she had an intent to cause harm, she "deliberately got into a car when a security officer begged her not to get in that car[.] [S]he made a deliberate decision to get in that car." (Tr. 83-84). She also fled the scene after the accident.

Moreover, the extent of damage resulting from Harris-Martinez's actions is severe. Five victims of the crash, including the two passengers in Harris-Martinez' car and the three passengers in the taxi, suffered injuries. One of those victims, Bushlack, suffered such severe brain injuries that she had to be placed into a medically-induced coma and still has difficulties with her memory today. She was also hospitalized for sixty days and must still undergo physical therapy. In light of these factors, we cannot agree that the nature of the offense warrants a reduced sentence.

Turning to Harris-Martinez's character, she argues that her acceptance of responsibility and remorse are evidence of her positive character and that her criminal history is not "particularly egregious." (Harris-Martinez's Br. 16). The trial court was in the best position to judge Harris-Martinez's credibility with respect to her remorse and acceptance of responsibility, and it concluded that "[b]ased on her own testimony, [] I still think that, although she's showing remorse and has accepted responsibility [for] what she has been charged with, there [are] still some outstanding issues that she doesn't want to take responsibility for." (Tr. 84). Also, although Harris-Martinez may not have the worst criminal history, she has been convicted five times in the last six years, including convictions for multiple alcohol-related offenses and a felony charge. In addition, she has violated the conditions of her probation three times in the past and was on probation

8

for disorderly conduct when she committed the instant offense. Based on this evidence of her character, we find that Harris-Martinez's sentence was appropriate.

Affirmed.

CRONE, J., and BARNES, J., concur.